[Civ. No. 13997.   First Dist., Div. One.   Apr. 6, 1949.]

ROBERT H. HENSON, Respondent, v. MANUELA N. PLANKA et al., Appellants.

Alfred J. Hennessy for Appellants.

Thomas L. Berkeley and Clinton Wayne White for Respondent.

BRAY, J.—Appeal by defendants from a judgment of the superior court, after jury verdict, awarding plaintiff damages in the sum of $1,000 for personal injuries received by plaintiff. A motion for new trial was denied automatically by expiration of time. Defendants contend: (1) that the evi-

dence is insufficient to justify the verdict; and (2) that the verdict is against the law.

<span style="background:black">    </span> Having in mind the rule as set forth in *People* v. *McKnight*, 87 Cal.App.2d 89, 98 [196 P.2d 104]—''The duty of this court is expressed in *People* v. *Pratt*, 77 Cal.App.2d 571 [175 P.2d 888], where the court at page 576 quotes from *People* v. *Newland*, 15 Cal.2d 678, 681 [104 P.2d 778], as follows: ' ''We must assume in favor of the verdict the existence of every fact which the jury could have reasonably deduced from the evidence, and then determine whether such facts are sufficient to support the verdict'' ' ''—there is sufficient substantial evidence to justify the verdict. Defendants' briefs do not discuss the testimony of plaintiff, but assume that we must accept as true the evidence of defendants, and their propositions of law are based upon that assumption.

Plaintiff, on Christmas Eve, 1946, was ejected from a tavern owned by defendant Manuela Planka in the International Settlement in San Francisco. Defendant Apolinio Planka was bartender and manager at the time of the ejection. There is a direct contradiction between plaintiff's story of what happened and the story as given by the defendant Apolinio and his witnesses.

It is not necessary to go into the full details of plaintiff's ejection from defendants' tavern. According to plaintiff's testimony, he was minding his own business consuming ''a few beers,'' but at no time intoxicated, when he was unjustly accused by Apolinio of bothering two of the feminine patrons. In spite of his denials, shortly thereafter, defendant Apolinio requested plaintiff to leave the place. Plaintiff was waiting for change from his last purchase of a bottle of beer and said that as soon as he received the change he would leave. Thereupon, without any cause or warning, defendant Apolinio seized and struck plaintiff. Some of the men in the tavern held plaintiff while Apolinio punched plaintiff in the face with both hands. Apolinio and others dragged plaintiff out and threw him into the street. His purse was lost in the scuffle. Police arrived shortly thereafter, and as plaintiff had no means of identification, they took him to jail. A misdemeanor charge was filed against him, but on the next regular day of business, December 26th, the charge was dismissed and plaintiff released from custody.

The same day plaintiff called a doctor to his home and discovered that his jaw was broken. He had lost two teeth. Thereafter he was under treatment by a dentist who wired

plaintiff's jawbone to hold it in place. At the time of the trial the dentist testified plaintiff could not be cured for another six weeks. The lost teeth had to be replaced. He was off work for six weeks during the time that his mouth was wired. He had been earning $70 per week at that time. Defendants concede that the award was reasonable if plaintiff received the injuries which he testified he received.

Under the story told by defendants and their witnesses, defendant Apolinio would have been justified in using reasonable force to eject plaintiff from the premises. They contended that plaintiff, highly intoxicated, was molesting the women patrons; that when told to leave he refused to do so but started to fight; that Apolinio put him out on to the sidewalk; that as he sat there cursing and challenging bystanders to fight, an automobile drove up to the curb, four men emerged from it, and proceeded to beat up the plaintiff; that plaintiff's injuries came from that beating and not from any actions of Apolinio or anyone else in ejecting plaintiff from the premises.

Defendants have completely disregarded the rule that where there is a conflict of evidence, this court cannot disturb the findings of the jury. ■ At argument, defendants contended that plaintiff's story is inherently improbable. However, there is nothing inherently improbable in it. Nor is the fact that a police officer testified that when he arrived in front of defendants' tavern, plaintiff was belligerent, intoxicated, and refused to get in the patrol wagon, requiring several officers to put him in it, so inconsistent with plaintiff's story of what happened before the police officer arrived as to compel a finding that plaintiff's story in the main is inherently improbable.

The jury believed plaintiff. Hence, it is unnecessary to discuss what would be the legal rule had the jury found, as contended by defendants, that plaintiff was injuring defendants' property, attacking defendant Apolinio, and molesting customers in the tavern. The judgment is affirmed.

Peters, P. J., and Ward, J., concurred.